[No. 9538.  *En Banc.*  July 22, 1911.]

VEYSEY BROTHERS, *Appellant*, v. BISHOP MILL COMPANY, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS.   Upon a square issue of fact, affirmed on one side and denied on the other, findings on conflicting evidence will not be disturbed on appeal unless against the clear preponderance of the evidence.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered November 22, 1910, in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract.   Affirmed.

*O. M. Nelson,* for appellant.

*W. H. Abel,* for respondent.

PER CURIAM.—The only question involved in this case is one of fact.   Parker & Simmons, thereafter Simmons, en-

[1]Reported in 116 Pac. 843.

gaged to cut a certain quantity of shingle bolts, and deliver them to respondent at its mill in Montesano, at the agreed price of three dollars per cord. An arrangement was made whereby credit was to be extended by appellant to Parker & Simmons. It is contended by appellant that respondent obligated itself to pay the board and commissary bill of all the men, an account of which was from time to time rendered by appellant. The original obligation assumed by respondent is contained in a letter to Parker & Simmons, and is as follows:

"We will advance you on the above price one dollar per cord as the bolts are split on the land, and will furthermore advance as part of the above price provisions sufficient for yourselves and an extra man for a term of two or three months while you are engaged in cleaning out the creek and getting the proposition in shape to deliver bolts from it."

Appellant says that thereafter respondent agreed to stand good for all supplies for all the men employed, the cost of which was to be deducted from the labor checks; this without reference to the amount due on the contract. There is a square issue of fact, affirmed by one and denied by the other. In such cases we are inclined to follow the judgment of the trial judge, unless it appears to be against the clear preponderance of the testimony. Barring some inconsequential items not now necessary to be discussed, the contentions of respondent were sustained below, and for the reasons assigned are now sustained.

Judgment affirmed.